UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

M. KATHLEEN MCKINNEY, Regional Director
of Region Fifteen of the National Labor Relations
Board, for an on behalf of the NATIONAL LABOR        CIVIL ACTION NO. 12-CV-01934
RELATIONS BOARD,
                      Petitioner

v.

CREATIVE VISION RESOURCES, LLC.,
                      Respondent

**CREATIVE VISION RESOURCES, L.L.C.'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO STRIKE PETITIONER'S
IMPROPER *EX PARTE* COMMUNICATIONS**

Respondent, Creative Vision Resources, L.L.C., seeks an Order striking from the record improper *ex parte* communications made by Petitioner, the National Labor Relations Board, which violate Local Rule 77.1 of the United State District Court for the Eastern District of Louisiana.

On June 17, 2012, Petitioner filed a petition for interim injunctive relief specifically seeking an Order requiring Respondent to recognize and bargain in good faith with Local 100, United Labor Unions ("union"), as the exclusive bargaining representative of the bargaining unit employees of Respondent. The matter has been submitted to the Court in its entirety, but no order has issued.

On January 7, 2013, Administrative Law Judge Keltner W. Locke issued his decision in the underlying administrative proceeding finding that the union is the exclusive bargaining representative of the hoppers employed by Respondent and that Respondent should recognize and bargain with the union as the exclusive bargaining representative. Subsequent to this

administrative ruling, Petitioner has written two times to the Court about the decision urging issuance of the injunction. Both letters were hand delivered to the Court.

The first letter, dated January 8, 2012 and attaching the decision, advised the Court of the development in the underlying administrative proceeding and sought the Court's consideration of Petitioner's petition for an interim injunction based on this development. (Exhibit A). On January 9, 2013, Petitioner again had a similar written correspondence hand delivered to the Court. (Exhibit B). Both letters discussed the opinion, raising numerous arguments as to why the administrative decision should be upheld and Petitioner's request for an interim injunction granted by the Court. (See Exhibits A & B). Further, undersigned counsel received no communication from Petitioner about these two communications with the Court until after the Court's receipt.

Petitioner's letters to the Court dated January 8, 2013 and January 9, 2013 are not appropriate and amount to improper *ex parte* communications. Local Rule 77.1 of this Court provides "[e]xcept as to applications normally considered and acted upon *ex parte*, no *ex parte* communication with a judge in chambers is allowed, except upon notice of the date and hour of the proposed conference to opposing counsel, or if counsel is unknown, to the opposing party." E.D. La. Loc. R. 77.1.

Petitioner failed to follow Local Rule 77.1. Petitioner's correspondence is not an application normally considered or acted upon *ex parte*. Petitioner's letters are more analogous to a memorandum in support of a dispositive motion rather than general correspondence. The intent of Petitioner's correspondence is clearly to persuade the Court to rule on Petitioner's request for an interim injunction, in concurrence with the new evidence presented with the two, *ex parte* communications. Petitioner's case has already been submitted to the Court in its

entirety, and therefore these two communications, which independently and unilaterally further urged Petitioner's case, are inappropriate under the Local Rules.

This type of communication has been found inappropriate by the Eastern District before in, *In re Taxable Municipal Bond Securities Litigation*, 1994 WL 34924, *7 (E.D. La. 1994). In that case, the defendants' motion for summary judgment had been taken under submission, and plaintiff's counsel wrote to the presiding judge, Chief Judge Sear, to bring to his attention three pages of an opinion ruling on a motion for summary judgment, seeking to persuade his ruling. In ruling on the matter, Chief Judge Sear stated that "due to the manner in which the case was brought to my attention ... I chose not to address the decision in ruling on summary judgment." *Id.* Accordingly, such *ex parte* communications to a judge seeking to persuade, illicit, and/or expedite a particular ruling after the matter has been submitted should not be tolerated or considered by the Court.

In accord with the Local Rules of Court and the jurisprudence above, Respondent respectfully moves the Court to grant this Motion to Strike Petitioner's Improper *Ex Parte* Communications from the case.

Respectfully submitted this 11th day of January, 2013.

/s/ Clyde H. Jacob III
Clyde H. Jacob III, LA Bar No. 7205
Coats Rose
365 Canal Street, Suite 800
New Orleans, LA 70130
Telephone: 504-299-3072
Facsimile: 504-299-3071
Email: cjacob@coatsrose.com

And

Ronald L. Wilson, LA Bar No. 13575
909 Poydras Street, Suite 2556
New Orleans, LA 70112-4002
Email: cabral2@aol.com
Counsel for Creative Vision Resources, LLC

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading was electronically filed with the Court to be served on all counsel of record by operation of the Court's Electronic Filing/Notification System.

/s/ Clyde H. Jacob III