UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| M. KATHLEEN MCKINNEY, | CIVIL ACTION |
| Petitioner | |
| VERSUS | NO. 12-1934 |
| CREATIVE VISION RESOURCES, LLC, | SECTION "E" |
| Respondent | |

ORDER & REASONS

On July 8, 2014, the Court issued an Order and Reasons granting Petitioner's petition for interim injunctive relief[1] and an injunction.[2] On July 11, the Court granted a motion to stay the injunction pending resolution of a motion to stay pending appeal.[3] Respondent Creative Vision Resources, LLC ("CVR") has now filed its motion to stay,[4] and the NLRB has responded.[5]

The Court may stay an injunction pending an appeal of that injunction. Fed. R. Civ. P. 62(c). In deciding whether to grant a stay, the Court should consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "A stay is not a matter of right, even if irreparable injury might otherwise

---

[1] R. Doc. 48.
[2] R. Doc. 49.
[3] R. Doc. 51.
[4] R. Doc. 54.
[5] R. Doc. 55.

1

result," but rather is "an exercise of judicial discretion." *See Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks omitted).

CVR has not shown that a stay pending appeal is warranted in this case. With respect to the first factor, CVR merely reiterates its argument that the Board took too long to file its § 10(j) petition. [6] The Court has already considered that argument, rejected it, and exercised discretion to conclude that injunctive relief is "just and proper." *See Overstreet v. El Paso Disposal, L.P.*, 625 F.3d 844, 850 (5th Cir. 2010). CVR disagrees with that conclusion but does not explain how the Court abused its discretion or how CVR will likely succeed on the merits of an appeal.

With respect to the second factor, CVR has not articulated irreparable harm. The only harm CVR articulates is the harm it will suffer from refraining from an unfair labor practice. But CVR does not challenge in its motion the Court's conclusion that the Board had reasonable cause to believe the unfair labor practice occurred. As the Board correctly points out, compliance with federal law and negotiation in good faith is not irreparable harm.[7]

With respect to the third and fourth factors, CVR has not shown how those factors weigh in its favor in any significant way.

Accordingly, IT IS ORDERED that CVR's motion for a stay pending appeal is **DENIED**. CVR attached two proposed orders to its motion: (1) an order staying the injunction pending resolution of the appeal, which the Court will not enter, and (2) an order staying the injunction to allow CVR to request a stay pending appeal from the Fifth Circuit. The Fifth Circuit also may stay an injunction pending appeal pursuant to

---

[6] R. Doc. 54-1 at 4-7.
[7] R. Doc. 55 at 6.

Federal Rule of Appellate Procedure 8, but the factors the Fifth Circuit considers are "generally the same." *See Hilton*, 481 U.S. at 776. Because CVR has not shown the appropriateness of a stay under those factors, the Court declines to delay enforcement of the injunction any further for CVR to seek relief from the Fifth Circuit. Accordingly,

**IT IS ORDERED** that the Court's prior stay of the injunction[8] is **VACATED**. CVR shall comply with the terms of the injunction[9] and (1) on or before Friday, August 1, 2014, read to the assembled bargaining unit employees this Court's Order, and (2) on or before Monday, August 11, 2014, file with the Court, with a copy submitted to the Regional Director of the Board for Region Fifteen, a sworn affidavit from a responsible official of CVR setting forth with specificity the manner in which CVR is complying with the terms of the decree.

New Orleans, Louisiana, this 22nd day of July, 2014

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[8]    R. Doc. 51.
[9]    R. Doc. 49.